NO. 7619                      STATE OF LOUISIANA.

IN RE, AZTEC LAND COMPANY,      COURT OF APPEAL
Ltd.
PRAYING FOR CONFIRMATION
OF TITLE.                       PARISH OF ORLEANS.
----------------------------------------------

Per Curiam;

St. Paul, Judge.

    The Motion to Dismiss was overlooked because it was
filed only on the day of argument, was not pressed in the
oral argument, and was mentioned again only at the very end
of a long brief, where it escaped our attention.

    Be that as it may; the motion is without merit. It
is based on four grounds which, for convenience we consider
in the following order;

    1. That the Supreme Court was without jurisdiction
to transfer the case under Act 19 of 1912. This is in effect
an attack on the constitutionality of that act. But upon
this we have already passed in Succession of Huxen, No. 7282
of our docket, wherein we held that the act did nothing more
than provide a method of lodging an appeal, under certain
circumstances, in a court having jurisdiction; which was
undoubtedly within the province and power of a Legislative
act.

    2. That the appellant made no affidavit to justify
the transfer under Act 56 of 1904. But Act 19 of 1912,
amending and re-enacting that act, requires no such affidavit
as did the first; and the title of the last act shows that
it was not intended to contain the whole law on the subject
of transferring appeals.

35

3. That the appeal bond was not signed by the Surity (as such). But the surity did sign the bond as attorney for the appellant; and being mentioned therein as surity, he is estopped from denying his suretyship. See succession of Carolla, No. 7714 of our docket, and authorities there cited.

4. That no days of grace are allowed for the transfer; meaning, that the Supreme Court did not fix a delay within which the appellant might remove the transcript to this court, as it might (or should?) have done under section 2 of the act of 1912. But the appellant was surely entitled to a reasonable time in which to do so, and only 17 days elapsed from the finality of the decree and the filing of the record here; towit, from April 14th to May 1st.

Moreover the motion to dismiss was made only on June 20th, although the record had been in the hands of counsel for the appellee since June 6th; and was therefore too late for us even to entertain it on the three last grounds. Milano vs Greco, 13 Orleans Appeals 134 (137); Sammons vs N. O. Ry & Light Co, 143 La 731; La. Digest, Verbo Appeal, Section 526.

## II.

In holding that Act 107 of 1898 was applicable to the injunction sued out by appellee, we but followed Barton vs Burbank, 138 La 997, the last expression of the Supreme Court on that point. The matter before us was continued indefinitely on November 8th 1905, and thereafter no further steps were taken in the prosecution thereof for more than five years, i. e. up to October 10th 1912, when the injunction suit was dismissed ex parte on motion of appellant. In Petit vs Depass, No. 7521 of our docket, we held that this Act 107 of 1898 was self operative; hence the suit was properly "stricken from the docket on suggestion of a party in interest." Teutonia Loan & Co vs Connolly, 133 La 402.

Appellee urges however, that we should have considered his second injunction, taken out January 15th 1915, and not his injunction of June 14th 1904, dismissed as aforesaid on October 10th 1912.

In this it is possible he may be right. A forced abandonment can have no greater effect than a voluntary discontinuance, and a ######## discontinuance can no more be res judicata than a non-suit. It is true that a dead suit cannot be revived, but the claim itself may always be asserted anew as long as it has not been judicially rejected. And the only place to sue out the second injunction was the proceeding in which the writ of seizure and possession issued.

But even so appellee can take nothing thereby. In our opinion (in fine) we said; "On the merits of this controversy there can be no doubt that plaintiff in injunction has not made out his case; on the contrary all the facts and the law are with the aztec Land Co". This was the unanimous conclusion of the judges after hearing the two oral arguments and considering the four briefs on behalf of appellee. If we disposed of the case on another point it was because we then deemed it incumbent upon us to do so; but we perceive no error in our decree.

Briefly, the issue involved is the validity of a tax sale and an Auditor's deed. The state bought and sold, as the property of Robert Simon or Simeon, a lot of ground in square 469 bounded by St. Philip, Dumaine, Genois and Bayou St John, measuring 121 feet front on Bayou St John by 150 feet in depth.

The property of which the Aztec Land Company seeks to gain possession, and of which ### plaintiff in injunction claims ownership, measures according to the petition for injunction,"119 feet front on said Bayou St John, 170 feet in depth on one side and 150 feet or more in depth on the other side; said property forming a perfect triangle;" wherin

it is averred however, that the property is not bounded by any of the streets mentioned; that Genois and St Philip streets are not opened, and if they were opened there would be no such depth as 150 feet. But the fact remains that the property does lie entirely within (or almost within) the projected lines of the streets aforementioned; and it was, when sold for taxes in 1885, the property of Robert Simeon, and not of the appellee who purchased from the Heirs of Simeon only in 1900; at which time, 1885 (and even to this date), said Simeon owned no other property in that vicinity, the rest of the larger tract of land which later on figures in this controversy, being then the property of Mrs. Louis Fondal (Transcript p. 55)

I. Thus, it will be seen that the description in the tax deed to the state, though not perfect, yet very clearly identifies what property belonging to Simeon it was intended to assess and sell for taxes, towit, all that he had purchased from Mrs. Fondal (Tr. p. 55), and was therefore sufficient to convey title thereto. Weber's Heirs vs Martinez, 125 La 663; In re Perrault's Estate, 128 La 454; Vanetta vs Busby, 131 La 681; Soutra vs Armheim, 1 Orleans Appeals 99; La Meadows Co Vs Commercial Security Co, 12 Orleans Appeals 415 and 13 Orleans Appeals 27. And the Auditor's deed conveys the very same property the State acquired. Quaker Realty Co vs O'Rourke, 13 Orleans Appeals 144.

2. There was no obligation on the part of the tax collector under the acts of 1880 p. 94 and 1882 p. 125, to "correct" the description, unless he "discovered" the incorrectness thereof, if any; and there is no evidence that he did.

3. The auditor was not required to collect the City taxes when he sold. Lavedan vs Choppin 119 La 1060.

4. The alleged possession of 30 years by Simeon and his heirs is not proven.

The Motion to Dismiss is therefore Denied, and a Rehearing is refused.

New Orleans, La, January 12th 1920